## GREGORY, COOLEY & CO. V. H. M. BEAUCHAMP.

IN SUPREME COURT, TYLER TERM, 1884.

*Account—Mutual.*—An account consisting of charges for moneys advanced for cattle purchased and to be purchased and shipped to the party so advancing the money, on the one side, and the net proceeds of the cattle so shipped, on the other is a mutual account within the statute of limitation.

*Account—Stated.*—An account stated, is one which has been rendered by the creditor, and has been assented to by the debtor as correct, either expressly or by implication of law from the failure to object.

*Limitations—Merchant and Merchandise—Live Stock.*—A person dealing in live stock, buying and selling them on commission, is a merchant within the meaning of the statute of limitations. Cattle is included in the term merchandise.

Appeal from Ellis county.

The court below held that the account sued on in this case was barred by the statute of limitations of two years. This judgment was correct unless it was a mutual and current account concerning the trade of merchandise between merchant and merchant, or their factors or agents. In that event it would not be barred until after four years have elapsed from a cessation of the dealings in which the parties were interested together. (R. S. Art. 3205, Div. 3.)

It is apparent from an examination of the account in connection with the evidence, that it is mutual, consisting as it does of original charges of each party against the other, running through a considerable space of time. The charges against Beauchamp are for moneys advanced to him for cattle purchased or to be purchased by him and shipped to Gregory, Cooley & Co. The charges against Gregory, Cooley & Co., are for the net proceeds of the cattle so shipped to them and sold by the firm. This has been held by our court to constitute a mutual account. (Whittlesey v. Spofford, 47 Tex., 13; Guichard v. Superville, 11 Tex., 522.)

That the account was a current and not a stated account also fully appears from the evidence. An account stated, is defined to be one "which has been rendered by the creditor, and has been by the debtor assented to as correct, either expressly, or by implication of law from the failure to object. Abbott's Law Dict., Vol. 1, p. 12.)

The present account was presented to the defendant, and whilst he admitted all of its other items to be correct, he claimed the right . to refused payment of the only item which is in controversy in this suit. The account can not, therefore, be treated as a stated account, against which the statute of limitations of two years will run. In fact the court below did not base its judgment upon any finding that the account was not mutual and current, but found that it was not an account between merchant and merchant, and was, therefore, barred at the commencement of the suit, and this is the point relied on for an affirmance of the judgment.

The court in its findings of fact, determined that the plaintiffs were merchants, but that the defendant was not. In finding that the plaintiffs were merchants, it was necessarily held, that a person dealing in live stock, buying and selling them on commission, was a merchant within the meaning of the statute of limitations. If also necessarily held that under the term *merchandise* were included, cattle, and that dealing in them in like manner as merchants do with other articles of merchandise would constitute the dealer a merchant ; and in this we think the court was correct.

Whilst merchandise in some of its uses may not include live stock, yet in the connection in which it is used in the limitation laws it undoubtedly does. It is construed to include cattle in a common count for goods sold and delivered. (Weston v. McDowell, 20 Mich., 353.) It includes horses when used in the United States statutes regarding the importation of merchandise. (U. S. v. One Sorrel Horse, 22 Vt., 655.) Live stock is an article in which the same dealings may be had as with any description of goods. They may be bought and sold, kept in store, shipped by rail or steamboat, consigned to factors for sale on commission, and have their market value; and in fact are treated in every respect as any other article of commerce. This necessitates a mutual dealing between cattle merchants and their factors and agents as in other cases, and brings about the same mutual credit and confidence between such parties. Upon the "merchantile usage, that so long as this mutual credit is continued, a confidence is subsisting that would be violated to the fraud and prejudice of the party against whom the statute was attempted to be set up, were it to be allowed," is founded the exception in the statutes of limitation as to merchants accounts. (Guichard v. Superveils, 11 Tex., 522.) And hence we think that a dealer in

cattle may become a merchant under the same circumstances as would constitute him such if he dealt in any other article of merchandise to be for the same reason protected against the two years limitation.

We think, however, that the court erred in finding that Beauchamp was not a merchant also. It was proved that he was a dealer in and shipper of cattle, and that plaintiffs had business transactions with him in the way of advancing him money, and selling his stock, and generally dealing with him as a cattle merchant. It was also proved that he was engaged in buying cattle and selling them again and shipping them to distant markets. That dealing in cattle was a recognized business in Ellis county ; and that during years 1878 and 1879, when the account accrued, Beauchamp was thus engaged and a part of the time had a partner, the firm name being Beauchamp & Wallace. A merchant is one who buys and trades in goods, wares and merchandise ; who traffics in the way of commerce by importation or exportation, or carries on business in the way of trade, barter, etc. Had Beauchamp dealt with any other article of commerce in the same manner as he did with cattle, he would have been termed a merchant, and we have seen that a dealer in cattle must be treated in the same manner as one who trades in inanimate goods.

The plaintiffs were made merchants by reason of their receipt and sale of cattle for others ; there is no reason why the party who followed the business of buying and shipping the cattle to them for sale, should not equally come within the same designation.

We think the court erred in finding and in holding that the account was not within the provisions of Art. 3205, Div. 3, Rev. Statutes, and that it was barred by limitations. For this error the judgment must be reversed, and the court proceeding to render such judgment here as should have been rendered below, adjudges that the appellants recover of the appellee the sum of $1250 with interest from May 17, 1878, and all costs of this court and of the court below, to be enforced by execution as in other cases.

.    Willie, C. J.